**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAWN OWENS,

     Plaintiff,

v.

     **Case No. 24-2543-DDC-GEB**

CHRISTINA SOBEK,

     Defendant.

## ORDER DIRECTING THE SUBMISSION OF A PROTECTIVE ORDER REGARDING THE RELEASE OF TESTING MATERIAL AND RAW DATA TO PLAINTIFF'S COUNSEL

This matter comes before the Court on a discovery dispute regarding Plaintiff's upcoming independent neuropsychological examination with Defendant's expert, Dr. Kobes, which is set to occur on July 23 and 24, 2026. (ECF Nos. 69 and 73). On July 13, 2026, defense counsel emailed the Court regarding Dr. Kobes' ethical concerns relating to providing testing material and raw data to Plaintiff's counsel. Counsel provided the Court with a letter from Dr. Kobes regarding the same. The parties previously informed the Court there was not an issue with this as long as a protective order was in place providing that the testing material and raw data would be subject to an attorney-eyes only provision. Thus, the Court ordered such a protective order be submitted by August 14, 2026. (ECF No. 73 at 2).

On July 14, 2026, the Court received a position statement from Plaintiff in response to Dr. Kobes' letter. After a review of all material provided, the undersigned, in an attempt to reach a middle ground, provided the parties with guidance by email dated July 15, 2026,

on possible options for compromise. However, pursuant to the emails received from counsel on the morning of July 17, 2026, it appears the parties are at an impasse. Thus, as explained below, the Court **is ordering the parties to submit a protective order regarding the release of testing data and raw materials to Plaintiff's counsel by no later than noon on Monday, July 20, 2026.**

From a review of Dr. Kobes' letter, the Court understands his concern stems from his belief he is ethically prohibited from providing testing material and raw data directly to Plaintiff's counsel because counsel is not qualified by education, training or supervision to use that information. Such a disclosure could, in Dr. Kobes' view, create a substantial risk of misinterpretation, misuse, and compromise of test validity. This concern persists despite APA Ethics Code Section 9.04(b), entitled Release of Test Data, which states: "In the absence of a client/patient release, psychologists provide test data only as required by law or **court order**." (emphasis added). This code section was attached to Dr. Kobes' letter, and in the letter itself, Dr. Kobes states he fully understands a court order supersedes his ethical requirements.

From a review of Plaintiff's submission statement, the Court understands Plaintiff's position is that pursuant to the Federal Rules of Civil Procedure, she is entitled to the testing material and raw data because it will form the bases of Dr. Kobes' opinion and is therefore relevant to her claims and defenses.[1] Without access to this data, Plaintiff states she cannot

---

[1] Plaintiff cites Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); Fed. R. Civ. P. 26(a)(2)(B)(ii) (an expert report must contain "the facts or data considered by the witness in forming" their opinions).

test the reliability of Dr. Kobes' testing or meaningfully cross-examine him in a deposition or at trial.

The Court concludes that for the reasons stated in Plaintiff's position statement and Judge Severson's recent opinion in *Tanner v. C.D.L. Elec. Co., LLC*, No. 25-2056-EFM-BGS, 2026 WL 787562, at *5-7 (D. Kan. Mar. 20, 2026), federal law allows Plaintiff's counsel access to the testing material and raw data.  Dr. Kobes' perception of Plaintiff's counsel being "unqualified" to review the testing material and raw data is misplaced.  In *Wright v. Hobby Lobby Stores, Inc*., a Magistrate Judge from the District of Colorado rejected the argument that data should not be disclosed to counsel and held:

> Defendant's desire to produce the raw data only to a 'board certified neuropsychologist' does not work in the litigation context. Plaintiff may or may not hire her own expert neuropsychologist, but that does not mean that Plaintiff's counsel should not be entitled to review the raw test data, potentially for use in cross examination of Defendant's expert. Lawyers without formal medical or other specialized training are known to consult learned treatises or textbooks to educate themselves about special areas of expertise for the purpose of cross-examination.[2]

The Court agrees with this assessment.  Furthermore, a court order requiring such production should, as Dr. Kobes himself concedes, relieve any ethical concerns.[3]

---

[2] *Wright v. Hobby Lobby Stores, Inc.,* 344 F.R.D. 538, 542 (D. Colo. 2023).

[3] *See Tanner*, 2026 WL 787562, at *7 (D. Kan. Mar. 20, 2026) ("Further, disclosure of the raw testing data in accordance with an applicable court order accords with the very APA Ethics Code relied upon by Defendants. Section 9.04 of that Code specifically provides: "[p]ursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release" and "[i]n the absence of a client/patient release, **psychologists must provide test data as required by law or court order**.") (emphasis added by *Tanner* court).

However, due to the potential sensitivity of this information, the Court instructs Defendant to produce the testing material and raw data pursuant to a protective order utilizing an "attorney eyes only" provision. **Accordingly, the Court orders the parties to submit such a protective order to the Court by no later than noon on Monday, July 20, 2026.** While the Court originally ordered this protective order submitted after Plaintiff's exam, which is set to occur on July 23 and 24, 2026, to avoid any more disputes, it should be in place **before** such examination occurs.

 **IT IS THEREFORE ORDERED** that by no later than noon on Monday, July 20, 2026, the parties must submit a proposed protective order regarding the release of the testing and raw data to Plaintiff's counsel. This proposed protective order should be emailed to the undersigned's chambers at ksd_birzer_chambers@ksd.uscourts.gov.

Dated: July 17, 2026, at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
